# CIRCUIT COURT OF THE CITY OF ROANOKE

Donna Lee Adams Klos

   v.

William Sean Klos

February 13, 2009

Case No. CH04000609-00

BY JUDGE CHARLES N. DORSEY

Having considered the authority and arguments, the Court grants the defendant's motion for summary judgment for the following reasons.

*Facts*

A final decree of divorce was entered between the parties by order of December 20, 2005. As part of that order, the post-nuptial agreement dated August 16, 2005, was ratified, confirmed, approved, and incorporated into the decree, but not merged.

In pertinent part, the post-nuptial agreement provided under paragraph A that:

> the parties . . . release, terminate, and waive any and all claims against the other for . . . spousal support . . . EXCEPT as may be specifically stated herein:
>
>     A. Husband . . . shall pay directly to Wife the sum of $650.00 (six hundred and fifty dollars and no/100 cents) spousal support per month beginning September 1, 2005.

There were other temporary provisions offsetting the spousal support obligation against medical insurance issues, but the time for those temporary adjustments has expired, and the controlling language is as cited.

The plaintiff has requested relief including an increase in spousal support and various relief pertaining to health insurance.

## Issue

When spousal support is established by a written agreement between the parties and filed with the court pursuant to Virginia Code § 20-109 and the agreement contains no language pertaining to modification of such support, may the court thereafter modify spousal support?

## Analysis

Virginia Code § 20-109 makes clear that "no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with . . . [the] contract." The plaintiff contends that the language of the agreement is vague and consequently may be interpreted by the use of parol evidence. The defendant contends that, when the agreement of the parties does not grant authority to the court to modify spousal support, the court lacks the authority to do so. The defendant is correct.

*Newman v. Newman*, 42 Va. App. 557, 593 S.E.2d 533 (2004), makes clear that, except when grounds for rescission exist, "a contract cannot be judicially modified . . . at the unilateral request of a contract party unless the agreement expressly authorizes such relief." The *Newman* Court made clear that Virginia Code § 20-109 "requires the proponent of the requested modification . . . to show that the 'stipulation or contract' authorizes such relief." There is no contract language here that permits judicial modification.

There is no degree of vagueness or ambiguity in the language of the post-nuptial agreement, and there is consequently no basis for introduction of parol evidence. The Court simply does not have the jurisdiction, under the facts of this case, to grant any of the relief sought by the plaintiff, including modification of spousal support or health insurance issues.

The defendant requests attorney's fees incurred as a result of plaintiff's motions being frivolous in nature. An award of attorney's fees on that basis would necessitate action under Virginia Code § 8.01-271.1 in the nature of sanctions. The Court declines to proceed in that fashion since the post-nuptial agreement itself provides in paragraph A-8 that, if either party brings court action to enforce the agreement, then attorney's fees and costs in full "may be

assessed against the non-prevailing party." The plaintiff brought this action to enforce the right that she claimed under the post-nuptial contract to modify spousal support. She is the non-prevailing party on that issue. She will reimburse the defendant $1,000.00 on account of his attorney's fees incurred in this matter, such sum to be paid within ninety days of the date of this opinion.